UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER ROYCE KEARNEY,

    Plaintiff,

v.                                                    Case No. 3:20cv5914-LC-HTC

PINELLAS COUNTY SHERIFF'S
OFFICE, et al.,[1]

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a *pro se* complaint (ECF Doc. 1), seeking to assert claims pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion to proceed *in forma pauperis* (ECF Doc. 2). Upon review of the complaint, it appears this case should be transferred to the United States District Court for the Middle District of Florida.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

---

[1] In the case style of the complaint, Plaintiff identifies only the Pinellas County Sheriff's Office. ECF Doc. 1 at 1. However, under section I.B. of the complaint, Plaintiff identifies Deputy John Doe Number #1, #2 and #3 as the defendants. ECF Doc. 1 at 2-3.

> or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*.

In his complaint, Plaintiff sues three (3) John Doe deputy officers employed at Pinellas County Sheriff's Office, which is located in the Middle District of Florida. *Id.* at 2-3. The entirety of the facts set forth in Plaintiff's complaint are as follows (errors are as written):

> When they first approached the car 4 officer opened fire on the car more then one time then another officer started to shoot at the car as well so two officer's was shooting at the car then after a small chase they more then a few officer's hand cuffed me then ankle cuffed me then striped me naked in the middle of the road ran a chain from hands to ankels an beat me an tased me for at least (5 to 10 mins) then took me to the substation an intargated [sic] me for hour's why I was asking for my paid attorney that I never did receive.

ECF Doc. 1 at 5. Based on those facts, Plaintiff alleges his Fourth, Eighth, and Fourteenth Amendment Rights were violated by the officers.

Although Plaintiff does not specifically state that the events described above occurred in Pinellas County, the Court will presume such is the case since the incident allegedly involved the Pinellas County Sheriff's Office deputies. Additionally, the Court takes judicial notice that on November 8, 2018, Plaintiff was arrested for fleeing and eluding in Pinellas County, Florida, after "fleeing from deputies in fully marked vehicles with lights and sirens activated." *See* Complaint, in Case No. 2018CF13897,

Case No. 3:20cv5914-LC-HTC

https://ccmspa.pinellascounty.org/PublicAccess/CaseDetail.aspx?CaseID=1807586 6. Deputies were trying to stop the vehicle after receiving a robbery complaint involving the suspect vehicle. *Id.* The complaint notes that after an initial vehicle chase, the sole occupant and driver (Kearney) fled on foot and a foot chase ensured. *Id.* Based on the description of the events in the complaint and the facts set forth by the Plaintiff in the complaint, the Court presumes that the events are one and the same.

Thus, under § 1391(b) venue is proper in the Middle District of Florida, as that is where the Defendants reside and is also where a substantial part of the events occurred. The only connection this case has to the Northern District of Florida is that Plaintiff is currently incarcerated at Walton Correctional Institution. Plaintiff's place of incarceration, however, is not determinative of venue.

When an action is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Rather than dismiss the action, the undersigned recommends that the action be transferred to the Middle District of Florida, the district in which this action could have been brought.

Accordingly, it is respectfully RECOMMENDED:

1. That the clerk TRANSFER this case to the United States District Court for the Middle District of Florida.

Case No. 3:20cv5914-LC-HTC

2. That the clerk close the file.

At Pensacola, Florida, this 2nd day of November, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:20cv5914-LC-HTC